

ORDERED in the Southern District of Florida on May 4, 2012.

A. Jay Cristol, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                    Case No. 10-38461-AJC
                                                          Chapter 13
MYRA A. FIELD,

        Debtor.
_____/

### ORDER DENYING DEBTOR'S SECOND OBJECTION TO PROOF OF CLAIM

**THIS CAUSE** came before the Court on April 19, 2012, at 11:00 a.m. upon Myra A. Field's (**Debtor**) Second Objection to Proof of Claim (**Objection**)(D.E. #101) in which the Debtor objected to the Proof of Claim (Claim #1-1) filed by Citi Mortgage, Inc. (**CMI**). The Court having reviewed and considered the Objection, Citi Mortgage Inc.'s Response to Second Objection to Proof of Claim (**Response**) (D.E. #105), and having heard argument of counsel,

{24200487;1}

finds good and sufficient cause to deny the Objection. Accordingly, the Court makes the following findings:

The Debtor objects to CMI's Proof of Claim (Claim #1-1) (**Proof of Claim**) on two grounds. First, Debtor argues that the Proof of Claim is deficient for failure to include an attached escrow account statement pursuant to Federal Rule of Bankruptcy Procedure 3001(c)(2)(c). Objection at ¶ 3 (**First Objection**). The First Objection is overruled because Rule 3001(c)(2)(c) did not become effective until December 1, 2011, more than one year after the Proof of Claim was filed. Accordingly, the requirements of Rule 3001(c)(2)(c) do not apply.

The Debtor's second objection is that CMI has not proved that it is the real party in interest with standing to enforce the note by filing a proof of claim against the Debtor. Objection at ¶ 2 (**Second Objection**). In making this argument, the Debtor improperly seeks to have this Court reconsider and overrule a circuit court foreclosure judgment, attached to CMI's Response as *Exhibit A*, which determines that CMI is the real party in interest with standing to enforce the Debtor's note. This Court is not an appellate court and is precluded from reviewing the circuit court decision on standing based upon claim preclusion, res judicata and the Rooker-Feldman Doctrine. Therefore, Debtor's Second Objection is also overruled because this Court lacks jurisdiction to review and overturn the circuit court judgment.

Nonetheless, the Court will briefly address the Debtor's arguments as to CMI's standing. The Debtor argues that this Court has previously found that a loan servicer is not a real party in interest and cites to *In re Rosenberg*, 414 B.R. 826 (S.D.Fla. Bankr. 2009). The facts and law considered in *Rosenberg* are highly distinguishable.

*Rosenberg* involved complex loan securitization transactions involving the leasing of medical equipment, and the relevant contracts were subject to Pennsylvania law. *See id*. at 832-

33, 840. The petitioning creditors were special purpose entities that had been created solely for purposes of facilitating the securitization transactions; they were "pass through vehicles" with no pecuniary interest in the estate. *See id*. at 842-43. Moreover, the petitioning creditors had expressly assigned all rights to receive, collect or claim payments or to bring collection lawsuits to a trustee and they did not hold the notes of the securitized products. *See id*. at 833-34, 842-43. Under those circumstances, the Court held that the petitioning creditors were not the real parties in interest with standing to pursue claims against the debtor.

This action is distinguishable from *Rosenberg*. First, Florida law applies. Second, CMI is not a special purpose entity or mere pass through vehicle with no pecuniary interest in the Debtor's loan. CMI is the holder of the note and mortgage, the loan servicer, and the trust custodian for Fannie Mae. A mortgage servicer is a party in interest in proceedings involving loans which it services. 414 B.R. at *841 (citing Greer v. O'Dell*, 305 F.3d 1297, 1302-03 (11th Cir. 2002)).

The Debtor alternatively argues that CMI should be judicially estopped from arguing its standing to file the Proof of Claim by virtue of its status as the holder of the note and mortgage and the loan servicer and trust custodian for Fannie Mae. The doctrine of judicial estoppel prevents a party from presenting a position after successfully maintaining a clearly inconsistent position in an earlier proceeding. *See Rosenberg* 414 B.R. at 843. The Debtor claims that CMI previously took an inconsistent position in the related adversary proceeding that Debtor filed against CMI, Adv. Case No. 11-01767-AJC (**Adversary Action**), and that this Court dismissed the Adversary Action in reliance on CMI's prior inconsistent representation.

The Court rejects this argument. First, the Court's sole basis for dismissal of the Adversary Action was that the circuit court foreclosure judgment precluded the Debtor from

challenging CMI's standing based on principles of claim preclusion, res judicata and the Rooker-Feldman Doctrine. *See* Order Dismissing Amended Adversary Complaint With Prejudice (Adv. Action D.E. # 43). The Court did not rely on CMI's representations and, in fact, was precluded from considering them under the Rooker-Feldman Doctrine.

Second, CMI did not take a clearly inconsistent position in the Adversary Action with respect to its status as a real party in interest. CMI has consistently maintained that it is the holder of the note and mortgage and the loan servicer and trust custodian for Fannie Mae. *See* Motion to Dismiss Amended Adversary Complaint To Determine Secured Status, Remove Cloud From Title, Sanctions, and Other Relief (Adv. Action D.E. # 33) at 6 ("CMI is the holder of the note and mortgage and the loan servicer and custodian for Fannie Mae.").

Therefore, it is **ORDERED** as follows:

1. The Debtor's Second Objection to Proof of Claim (D.E. #101) is **OVERRULED** and **DENIED**.

2. Citi Mortgage, Inc.'s Proof of Claim (Claim #1-1) is allowed.

# # #

Submitted By:
Andrea S. Hartley, Esq.
Akerman Senterfitt
One S.E. 3rd Ave., 28th Floor
Miami, FL  33131-1714
Tel:  (305) 374-5600
Fax:  (305) 374-5095

Copies Furnished To:
[Attorney Andrea S. Hartley is directed to serve a conformed copy of this Order to all interested parties immediately upon receipt and shall file a certificate of service with the Clerk.]